UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEROME S. ADAMS,

    Plaintiff,

                                      Civil Action No. 17-11925

v.

                                      HONORABLE DENISE PAGE HOOD

DONALD J. TRUMP,

    Defendant.

_____/


**ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES,
DENYING REQUEST FOR SERVICE,
SUMMARILY DISMISSING AND CLOSING ACTION,
AND
FINDING ALLEGATIONS FRIVOLOUS**


      Before the Court is Plaintiff Jerome S. Adam's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status. The Court grants Plaintiff *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

      Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is

frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Plaintiff's Complaint alleges diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1, Pg ID 3) He claims $500,000,000,000 as the amount in controversy. *Id.* at Pg ID 5. Plaintiff asserts that from May to November 2016, Defendant "has taken my law suit money. I have been denied by 36 district court for numburs (sic) of reasons." *Id.* Plaintiff further asserts that he is entitled to money "because it was awarded to me by the court. The movie that was done about my life, I never got paid for." *Id.* The relief Plaintiff requests is to have "all my money that President Donald Trump has taken from me in my law suits." *Id.* at Pg ID 6.

After reviewing the Complaint filed by Plaintiff, the Court finds Plaintiff failed to follow the rules of pleading set forth in Rule 8(a) of the Rules of Civil Procedure which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even liberally construing the Complaint filed by Plaintiff, the Court finds that Plaintiff failed to allege any factual grounds showing that Plaintiff is entitled to any relief from the Defendant. Other than alleging Defendant took his money from his law suits, there are no factual allegations describing what the underlying law suits were about, the amount awarded to Plaintiff in those law suits, and how Defendant took the money from those law suits. Plaintiff also failed to allege any legal authority as to why Plaintiff may recover from

Defendant any money awarded to Plaintiff from the law suits, if any. The Court finds Plaintiff fails to state a claim against Defendant upon which relief may be granted under Fed. R. Civ. P. Rule 12(b)(6). The Court further finds the allegations and statements in Plaintiff's Complaint are frivolous.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Jerome S. Adams' Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs (**Doc. No. 2**) is GRANTED.

IT IS FURTHER ORDERED that the Request for Service by the United States Marshal (**Doc. No. 3**) is DENIED as MOOT.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice and this action is designated as CLOSED on the docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: June 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager